IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THE HARTFORD STEAM BOILER )
INSPECTION AND INSURANCE )
COMPANY and HARTFORD )
CASUALTY INSURANCE COMPANY, )
)
Plaintiffs, )
)
vs. ) **2:08cv1564**
) **Electronic Filing**
)
INTERNATIONAL GLASS )
PRODUCTS, LLC, and FRANCISCO )
A. FERNANDEZ, )
)
Defendants. )

## **MEMORANDUM ORDER**

AND NOW, this 9th day of January, 2014, upon due consideration of plaintiffs' motion to strike defendant Francisco Fernandez's answer to plaintiff's third amended complaint and the parties' submissions in conjunction therewith, IT IS ORDERED that [180] the motion be, and the same hereby is, granted in part and denied in part. The motion is granted to the extent it seeks to re-depose Francisco Fernandez on any or all new substantive averment(s)/defenses appearing in Francisco Fernandez's answer and any other areas of inquiry. The deposition shall occur on or before February 10, 2014, at a time and place agreed to by all counsel. Francisco Fernandez shall pay the costs for the deposition; each party shall bear their respective attorney's fees. The motion is denied to the extent it seeks to strike all averments and defenses to which Fernandez previously invoked his Fifth Amendment privilege against self-incrimination and/or seeks to strike responses to paragraphs 12-36, 38-42, the second sentence in paragraph 43, 44-111 and all affirmative defenses. This ruling is without prejudice to plaintiffs seeking to preclude and/or bar the use of

the substantive averments in these specific paragraphs and defenses and/or evidence advanced in conjunction therewith pursuant to a subsequent motion in limine and brief in support. Such motions may be filed with leave after responses are filed to any dispositive motions and/or may be filed in accordance with the trial management order that will be issued after all dispositive motions have been resolved. Any such motion(s) shall address each averment/defense (or grouping of averments/defenses) and the evidence advanced in conjunction therewith with specificity and particularity and attempt to demonstrate how the moving party has been unduly prejudiced in its/their prior preparation of the case and the generating of evidence in conjunction therewith (with regard to sources other than Fernandez).

      Plaintiff's request for exclusion is premature and has the potential to be overbroad. The privilege against self-incrimination properly may be invoked during all phases of a civil case. S.E.C. v. Graystone Nash, Inc., 25 F.3d 187, 190 (3d Cir. 1994). Invocation of the privilege during discovery carries the potential to deprive the adverse party from accurately or effectively gaining information needed to present or defend the case. Id. It may also be invoked and then waived at a time when the adverse party can no longer resort to discovery or would be required to do so at significant cost or under meaningful disadvantage due to the passage of time. As a result, use of the privilege in a civil case can give rise to disadvantages for the party who seeks its protection, including an adverse inference against the party claiming its benefits. Id. (citing Baxter v. Palmigiano, 425 U.S. 308, 318 (1976)). But being thrust on the horns of a dilemma by having to choose between such divergent alternatives does not in itself bring about a violation of the Fifth Amendment. Id. ("The dilemma of choosing between complete silence and presenting a defense does not fatally infect the right against compelled self-incrimination.") (citing Williams v.

Florida, 399 U.S. 78, 84 (1970)).

Nevertheless, "[t]he Supreme Court has cautioned that the Constitution limits the imposition of any sanction which makes assertion of the Fifth Amendment privilege costly." Id. (quoting Spevack v. Klein, 385 U.S. 511, 515 (1967) (quoting Griffin v. California, 380 U.S. 609, 614 (1965) (internal quotations omitted)). Forfeiture of an office in a political party or employment where the privilege is not waived have been held to be unduly coercive. Id. (citing Lefkowitz v. Cunningham, 431 U.S. 801, 807–09 (1977), Garrity v. New Jersey, 385 U.S. 493, 500 (1967) and Spevack, 385 U.S. at 516)).

Similarly, the "dismissal of an action or entry of judgment as a sanction for a valid invocation of the privilege during discovery is improper." Id. (citing National Acceptance Co. of America v. Bathalter, 705 F.2d 924, 931–32 (7th Cir. 1983); Campbell v. Gerrans, 592 F.2d 1054, 1058 (9th Cir. 1979) and 8 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2018 (1970 & Supp. 1994)). "In like vein, a complete bar to presenting any evidence, from any source, that would in all practical effect amount to the entry of an adverse judgment, would be an inappropriate sanction." Id.

The Constitutional limitations that prohibit the imposition of costly sanctions for the proper invocation of the Fifth Amendment do not require the exercise to be protected from all costs. Id. ("The limitations on sanctions, however, do not insulate a party from all adverse consequences of his plea. The principle that the invocation of the privilege may not be too 'costly' does not mean that it must be 'costless.'"). The opposing party is free to generate evidence and use it even when the privilege has been invoked. Similarly, the presentation of probative evidence and the invocation of the privilege may generate grounds for an adverse inference instruction. Id.

3

In this regard a party's invocation of the privilege "does not take place in a vacuum; the rights of the other litigant[s] are entitled to consideration as well." Id. Consideration of such rights is at the forefront when

> one party invokes the Fifth Amendment during discovery, but on the eve of trial changes his mind and decides to waive the privilege. At that stage, the adverse party - having conducted discovery and prepared the case without the benefit of knowing the content of the privileged matter - would be placed at a disadvantage. The opportunity to combat the newly available testimony might no longer exist, a new investigation could be required, and orderly trial preparation could be disrupted.

Id. at 190. In other words, "the belated waiver of the privilege could be unfair." Id.

Give these competing interests, "[a] trial court must carefully balance the interests of the party claiming protection against self-incrimination and the adversary's entitlement to equitable treatment." Id. In doing so due consideration is to be given "to the nature of the proceeding, how and when the privilege was invoked, and the potential for harm or prejudice to opposing parties." United States v. Certain Real Property and Premises Known as: 4003-4005 5th Ave., Brooklyn, NY, 55 F.3d 78, 84 (2d Cir. 1995) (citing Wehling v. Columbia Broadcasting System, 608 F.2d 1084, 1088 (5th Cir.1979) (a court should "measure[ ] the relative weights of the parties' competing interests with a view toward accommodating those interests, if possible"); accord Davis-Lynch, Inc. v. Moreno, 667 F.3d 539, 547 (5th Cir. 2012) (same).

Care must be taken to assure that the privilege is not being invoked abusively and/or that any attempted withdrawal of the previously asserted privilege is not being done to create a tactical advantage or under circumstances that give rise to one. The potential for exploitation inherently is present and where a litigant has "invoked the privilege

primarily to abuse, manipulate or gain an unfair strategic advantage over opposing parties" appropriate remedial measures may be imposed. Certain Real Property, 55 F.3d at 84-85 (citing Graystone Nash, 25 F.3d at 190); accord Davis-Lynch, Inc., 667 F.3d at 548 ("Conversely, withdrawal is not permitted if the litigant is trying to 'abuse, manipulate or gain an unfair strategic advantage over opposing parties.'"). Among other circumstances, waivers that are attempted at the "eleventh hour" and appear to "be part of a manipulative, 'cat-and-mouse approach' to the litigation" can warrant the preclusion of testimony "about matters previously hidden from discovery through an invocation of the privilege." Id.; accord Graystone Nash, 25 F.3d at 191 ("a defendant may not use the fifth amendment to shield herself from the opposition's inquiries during discovery only to impale her accusers with surprise testimony at trial") (quoting Gutierrez–Rodriguez v. Cartagena, 882 F.2d 553, 577 (1st Cir.1989)).

In all cases the interests of the party invoking the privilege must be balanced against the opposing party's right to equitable treatment. Graystone Nash, 25 F.3d at 192. The balancing of these interests is to be undertaken on a case-by-case basis and is to be guided by "the circumstances of the particular litigation." Id.; accord Certain Real Property, 55 F.3d at 85 ("In the end, exactly how a trial court should respond to a request to withdraw the privilege - or indeed, more generally, how it should react to any motion precipitated by a litigant's assertion of the Fifth Amendment in a civil proceeding - necessarily depends on the precise facts and circumstances of each case.").

"Because the privilege is constitutionally based, the detriment to the party asserting it should be no more than is necessary to prevent unfair and unnecessary prejudice to the

other side." Id. Among other things, unfair prejudice can exist where the opportunity to counter newly asserted testimony no longer exists, a new investigation would be required at considerable expense or the orderly disposition of the case will be disrupted. Id. at 191.

Defendant Fernandez's invocation of the privilege was not undertaken in circumstances that give rise to an inference of tactical maneuvering. Plaintiffs commenced this litigation on November 10, 2008, seeking to recover payments made to defendant IGP for losses sustained as a result to damage to covered property. The gravamen of the complaint as amended is that intentionally fraudulent representations and/or the purposeful concealment of material facts occurred in documenting the proof of loss which materially affected plaintiffs' adjustment and payment of the same.

On May 18, 2008, approximately six months prior to filing this action, plaintiffs made a criminal referral of the matters giving rise to this litigation to the United States Attorneys Office for the Western District of Pennsylvania. Plaintiffs provided the office with certain information generated from the underlying events giving rise to the instant litigation. The matter apparently was referred to the Federal Bureau of Investigation which gathered and reviewed documents and information and conducted interviews and meetings.

Fernandez initially hired counsel to advise him in conjunction with the criminal investigation and separate counsel to represent him in the civil litigation. By August of 2009 he no longer had the ability to continue to pay his attorney in the instant matter. Attorney Dodge filed a motion to withdraw in this case which was granted in September of 2009. Prior to granting that motion a conference was held on September 16, 2009, and

Fernandez was advised of some of the potential ramifications and difficulties that might ensue as a result of proceeding without counsel. See Hearing Memorandum of September 16, 2009 (Doc. No. 58). He acknowledged these risks.

Fernandez consulted counsel in the criminal matter and thereafter asserted his Fifth Amendment privilege based on the advice he received. There is no basis to assume that it was inappropriate to invoke the privilege or that Fernandez did so for any reason other than a reasonable and good faith belief that following the advice of counsel was in his best interest. He relied on that advice only as long as necessary and made his intent to waive the privilege known to the opposing party directly after the threat of criminal prosecution had passed.

It follows that Fernandez validly invoked the Fifth Amendment under appropriate circumstances and the record lacks an evidentiary basis to assume the invocation was undertaken to manipulate the fact-gathering process or gain a tactical advantage in this civil proceeding. Accordingly, the inquiry becomes one of balancing the interests of the parties in order to permit the development of as much testimony and evidence as possible notwithstanding the invocation of the privilege while preventing unfair and/or unnecessary prejudice to the other parties.

That a balancing of interests under equitable principles is in order does not mean that no remedial measures should be imposed. The prohibition against retributive penalties does not mean that the invocation is without the potential for actual adverse consequences. Graystone Nash, 25 F.3d at 191; Certain Real Property, 55 F.3d at 84-85. To the contrary, care must be taken to assure that plaintiffs are not subjected to undue

prejudice such as engaging in new investigations, conducting costly and/or repetitious discovery necessitated by the introduction of testimony previously withheld, and/or having to respond to assertions where the sources of information to counter the same no longer exist or are unavailable due to the potential for extensive costs or disruption to the final stages of the litigation.

At this juncture it appears to be more prudent to permit defendant Fernandez to submit to deposition at his cost and consider plaintiffs' claims of prejudice in a more concrete and particularized setting. As previously noted the balancing to be undertaken is to be nuanced and must be "no more than is necessary to prevent unfair and unnecessary prejudice to the other side." Graystone Nash, 25 F.3d at 192. Consideration must be given to whether IGP previously raised averments, factual grounds and/or legal positions that impact any claimed prejudice or surprise from Fernandez's change in position. Also pertinent is whether plaintiffs had reason to believe during the prior discovery that Fernandez may not have acted as alleged and/or in the capacity as alleged. Consequently, the order above denies plaintiffs' motion to strike, permits defendant Fernandez to submit to deposition and permits plaintiffs to renew their challenges in conjunction with summary judgment and/or final pretrial development as appropriate and in a setting that will permit the court to conduct the careful and particularized consideration warranted on an issue-by-issue basis.

                                           s/ David Stewart Cercone
                                           David Stewart Cercone
                                           United States District Judge

cc: Richard W. DiBella, Esquire
Paul K. Geer, Esquire

Andrew M. Roman, Esquire
Mark A. May, Esquire

Via: CM/ECF Electronic Filing