IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THE HARTFORD STEAM BOILER )
INSPECTION AND INSURANCE )
COMPANY and HARTFORD )
CASUALTY INSURANCE COMPANY, )
)
Plaintiffs, )
)
vs. ) 2:08cv1564
) Electronic Filing
)
INTERNATIONAL GLASS )
PRODUCTS, LLC, and FRANCISCO )
A. FERNANDEZ, )
)
Defendants. )

## MEMORANDUM ORDER

AND NOW, this 24th day of March, 2016, upon due consideration of defendant International Glass Products, LLC's Motion to Strike Motion for Summary Judgment and Memorandum of Law Filed by Hartford Steam Boiler Inspection and Insurance Company and Hartford Casualty Insurance Company, IT IS ORDERED that [217] the motion be, and the same hereby is, DENIED.

Federal Rule of Civil Procedure 12(f) permits the court, in its discretion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) are generally disfavored, United States v. 0.28 Acre of Land, More or Less, Situate in Washington Cty., Penn., No. 09CV0583, 2009 WL 4408194, at *2 (W.D. Pa. Nov. 25, 2009) (citation omitted), and should be granted "only when 'the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" Allied Dental Grp., Ltd.

1

v. State Farm Fire & Cas. Co., No. CIV.A. 12-1637, 2013 WL 5436948, at *3 (W.D. Pa. Sept. 27, 2013) (quoting Medevac MidAtlantic v. Keystone Mercy Health Plan, 817 F. Supp. 2d 515, 520 (E.D. Pa. 2011)). "Indeed, striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice and should be used sparingly." Spiess v. Pocono Mountain Reg'l Police Dep't, No. 3:10CV287, 2011 WL 662977, at *1 (M.D. Pa. Feb. 14, 2011) (citation and internal quotation marks omitted).

"[C]onsistent with this sparing approach urged by the courts with respect to motions to strike, those 'pleadings' that may be subject to a motion to strike are construed narrowly." Rynone Mfg. Corp. v. Sulzbach, No. 13-CV-671, 2014 WL 4411073, at *1 (M.D. Pa. Sept. 5, 2014). Because "briefs are, by their nature, argumentative and sometimes contentious filings, it is generally held that a brief-as opposed to other forms of pleadings-typically will not be considered a "pleading" which is properly the subject of a motion to strike." Id. (citing authority and denying defendant's request to strike the plaintiff's motion for partial summary judgment and related pleadings).

Here, defendant International Glass Products, LLC moves to strike the plaintiffs' pending motion for summary judgment and related pleadings on the grounds that the motion fails to conform to the requirements of Rule 56 by inappropriately treating both named plaintiffs as a single entity. Because defendant has failed to demonstrate that relief under Rule 12(f) is warranted, the motion to strike has been denied. Nevertheless, the court will consider defendant's substantive arguments as to the propriety of plaintiffs' Rule 56 motion in connection with its disposition of the parties' pending cross-motions for summary judgment.

s/David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc: Richard W. DiBella, Esquire
Paul K. Geer, Esquire
Andrew M. Roman, Esquire
Mark A. May, Esquire
John Halley, Esquire
(*Via CM/ECF Electronic Mail*)